[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-13073
Non-Argument Calendar

————————————————

Agency No. A070-449-510

ALBAN LUKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(March 30, 2020)

Before WILLIAM PRYOR, LAGOA and HULL, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Alban Lukaj, a native and citizen of Albania, petitions this Court a second time to review the final order of removal of the Board of Immigration Appeals. We granted in part Lukaj's first petition, which challenged the classification of his prior conviction for aggravated battery with a firearm, Fla. Stat. § 784.045(1)(a), as an aggravated felony, 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii), under the residual clause of the definition of a crime of violence, 18 U.S.C. § 16(b). Based on the holding in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), that section 16(b) is void for vagueness, we granted Lukaj's petition and remanded to the Board. *Lukaj v. U.S. Att'y Gen.*, 763 F. App'x 826, 829–30 (11th Cir. 2019). On remand, the Board classified Lukaj's prior conviction as an aggravated felony under the elements clause of the definition of a crime of violence, 18 U.S.C. § 16(a).

We deny in part and dismiss in part Lukaj's second petition. Lukaj argues in part that the Florida statute defining aggravated battery is indivisible and that the offense does not constitute a crime of violence, but his arguments are foreclosed by *United States v. Vereen*, 920 F.3d 1300, 1313–14 (11th Cir. 2019), *cert. denied*, No. 19-6405 (U.S. Mar. 2, 2020), and *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds as recognized by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015). Lukaj also argues that the Board should review his application for deferral of removal, but we

lack jurisdiction over this argument because Lukaj failed to challenge the denial of his application in his appeal to the Board. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006).

## I. BACKGROUND

Lukaj was admitted to the United States as a refugee and later became a lawful permanent resident. In 2015, the Department of Homeland Security charged Lukaj as removable based on his convictions for violating or conspiring to violate a law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i); for an aggravated felony involving illicit trafficking in a controlled substance, *id.* §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B); for an aggravated felony involving a crime of violence, *id.* §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F), and for violating a law regarding the use, ownership, possession, or carrying of a firearm, *id.* § 1227(a)(2)(C). The notice to appear stated that Lukaj had been convicted in Florida courts in 2009 for conspiring to traffic and for trafficking in methylenedioxymethamphetamine, Fla. Stat. § 893.135(1)(k)(2)(c), (5) and in 2010 for aggravated battery with a firearm, *id.* §§ 784.045(1)(a).

Records submitted by the Department established that Lukaj pleaded guilty to aggravated battery. A Florida grand jury returned a six-count indictment against Lukaj that charged, in Count I, that he "with a premeditated design to effect the death of Ryan M. Lemien . . . did attempt to unlawfully kill [him] by shooting at

him, and during the commission of the . . . Attempted Murder in the First Degree, . . . LUKAJ did carry, display, use, threaten to use, or attempt to use a firearm and did actually possess and discharge a firearm." (R. 1276) Lukaj agreed to plead guilty to aggravated battery while actually possessing a firearm under sections "784.045(1)(a) and 775.087(2)(a)1" of the Florida Statutes as a "lesser-included offense of Count I, . . . [and to serve] a 10 year minimum mandatory" and, in exchange, "[t]he state . . . N[ol] P[rossed] all remaining counts" against him. (R. 1285)

Lukaj admitted the fact of his prior convictions, and an immigration judge found those convictions constituted grounds for removal. The immigration judge also advised Lukaj that his conviction for aggravated battery constituted an aggravated felony that made him ineligible for asylum, cancellation of removal, and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1229b(b)(1)(C), 1231(b)(3)(B)(ii). Later, Lukaj applied for deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 C.F.R. § 1208.17, and objected to the classification of his conviction for aggravated battery as an aggravated felony. The immigration judge scheduled a hearing on Lukaj's application for deferral of removal.

During Lukaj's removal hearing, the immigration judge overruled his objection to classifying his conviction for aggravated battery as an aggravated felony and then requested argument on his application for deferral of removal. Lukaj's attorney was unprepared to address deferral and moved for a continuance, but the immigration judge denied the motion and took a 15-minute recess.

When the hearing resumed, Lukaj's attorney stated, "We're not going to go forward on the deferral" and "[w]e're going to take an appeal," and then she moved, unsuccessfully, for the immigration judge to recuse. Lukaj's attorney also stated that she was "not going to withdraw [the application for deferral of removal] per se," and she refused to "proceed until we take an appeal to the BIA, on the denial of the motion for a continuance and the denial of the recusal."

The immigration judge denied Lukaj's application for deferral of removal "for failure to meet his burden of proof." Before adjourning the hearing, the immigration judge asked, to "make it clear for the record, . . . [whether Lukaj was] pursuing the deferral of removal application," and his attorney responded, "Not now."

The immigration judge denied Lukaj's applications for immigration relief and ordered him removed him to Albania. The immigration judge classified Lukaj's prior convictions for conspiring to traffic and for trafficking in methylenedioxymethamphetamine, Fla. Stat. § 893.135(1)(k)(2)(c), (5), as

5

aggravated felonies. 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). The immigration judge also classified Lukaj's prior conviction for aggravated battery as an aggravated felony, *id.* §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii), under the residual clause of the definition of a crime of violence, 18 U.S.C. § 16(b), but not under its elements clause, *id.* § 16(a). The immigration judge determined that Lukaj's three aggravated felonies made him ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3), and were particularly serious crimes that barred him from obtaining asylum, *see id.* § 1158(b)(2)(A)(ii), (b)(2)(B)(i). Because, "for purposes of removal, an aggravated felony which incurs an aggregate term of imprisonment of at least five years is a *per se*" particularly serious crime, the immigration judge also determined that Lukaj's ten-year sentence for aggravated battery made him ineligible for withholding of removal. *See* 8 C.F.R. § 1208.16(d)(2). And the immigration judge denied Lukaj's application for deferral of removal for failure to prove he suffered past torture that "evinc[ed] a likelihood of *future* torture" and "to show that public officials would inflict or acquiesce to torture at his expense." *See id.* § 1208.18(a)(7).

Lukaj appealed to the Board, and the Department moved for summary affirmance. The Board dismissed Lukaj's appeal. It "conclude[d] that [Lukaj's] 2010 Florida conviction for aggravated battery [was] an aggravated felony that render[ed] him ineligible for asylum, cancellation of removal, and withholding of

removal" because the conviction "qualifie[d] categorically as a crime of violence under 18 U.S.C. § 16(b) . . . ." The Board "express[ed] no present opinion as to whether [Lukaj's] 2009 conviction[s] [were] also for an aggravated felony . . . ." The Board also declined to review the denial of Lukaj's application for deferral of removal because his "appeal [did] not challenge that aspect of the Immigration Judge's decision . . . ."

Lukaj petitioned for review and we stayed briefing until the Supreme Court decided *Dimaya*. *Lukaj*, 763 F. App'x at 827. After "*Dimaya* declared void for vagueness the statutory provision used to classify Lukaj's conviction as an aggravated felony, we grant[ed] the part of his petition that challenge[d] the denial of his applications for asylum, withholding of removal, and cancellation of removal." *Id.* at 829. We remanded for the Board to decide how to classify Lukaj's conviction for aggravated battery and to determine whether he was eligible for relief from removal. *Id.* at 830.

On remand, Lukaj moved the Board to remand to the immigration judge, but the Board denied the motion and dismissed his appeal. The Board determined that "it would be inappropriate . . . to remand the matter for further removal hearings because [Lukaj's] eligibility for relief from removal turn[ed] entirely on a question of law that [it] review[ed] de novo—i.e., whether he has sustained a disqualifying 'aggravated felony' conviction." The Board "expressly reaffirm[ed] that [Lukaj]

7

[was] removable from the United States" and "conclud[ed] that [his prior conviction for] aggravated battery under section 784.045(1) of the Florida Statutes (even considered *without* the section 775.087(2) firearm enhancement) qualifie[d] categorically as a crime of violence under 18 U.S.C. § 16(a)." That conclusion, the Board stated, was dictated by our holdings in *Vereen*, 920 F.3d at 1313, and *Turner*, 709 F.3d at 1341, that section 784.045(1) "qualifies as a violent felony under the elements clause" of the Armed Career Criminal Act and the "virtually identical" language of the elements clause in the Act, 18 U.S.C. § 924(e)(2)(B)(i), and in the statute defining a crime of violence, *id.* § 16(a). The Board affirmed the findings of the immigration judge that Lukaj's conviction for the aggravated felony of aggravated battery made him ineligible for asylum and cancellation of removal and that his sentence to ten years of imprisonment for his aggravated felony made him ineligible for withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1229b(b)(1)(C), 1231(b)(3)(B)(ii).

## II. STANDARD OF REVIEW

"We review the decision of the Board and the decision of the Immigration Judge to the extent that the Board expressly adopted the opinion of the Immigration Judge." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010) (internal quotation marks omitted). We "review[] *de novo* questions of law, including whether a conviction qualifies as an aggravated felony" under the

8

Immigration and Nationality Act. *Choizilme v. U.S. Att'y Gen.*, 886 F.3d 1016, 1022 (11th Cir. 2018), *cert. denied sub nom. Choizilme v. Whitaker*, 139 S. Ct. 863 (2019).

### III. DISCUSSION

Lukaj makes two arguments in his second petition. First, Lukaj argues that section 784.045(1) of the Florida Statutes is indivisible and lacks the requirement of physical force necessary to satisfy the elements clause in the definition of a crime of violence, 18 U.S.C. § 16(a). Second, Lukaj argues that, even if his conviction qualifies as an aggravated felony, we should remand for the Board to consider his application for deferral of removal.

### A. *The Board Correctly Determined that Lukaj's Conviction for Aggravated Battery Is an Aggravated Felony that Makes Him Ineligible for Relief from Removal.*

An alien convicted of an aggravated felony is removable, 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for asylum, cancellation of removal, and withholding of removal, *id.* §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1229b(b)(1)(C), 1231(b)(3)(B)(ii). The Immigration and Nationality Act defines an aggravated felony as including "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(F). Because the Supreme Court struck as void for vagueness the residual clause of the definition of crime of violence in *Dimaya*, 138 S. Ct. at 1210, for a crime of

9

violence to count as an aggravated felony, the alien's offense must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

We examine the statute of conviction to determine whether an offense qualifies as a crime of violence. In the ordinary case, we apply a categorical approach under which we consider "how the law defines the offense," *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016), and "presume that the conviction rested upon nothing more than the least of the acts criminalized," *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (alteration adopted) (internal quotation marks omitted). But "[w]hen the law . . . contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, [we treat the statute as divisible and apply] the modified categorical approach . . . to determine which statutory phrase was the basis for the conviction . . . ." *Johnson v. United States*, 559 U.S. 133, 144 (2010) (internal quotation marks omitted). Under the modified categorical approach, we can consult "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, [the alien] was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The Board classified Lukaj's conviction for aggravated battery, Fla. Stat. § 784.045(1)(a), as an aggravated felony. The statute in effect at the time of

10

Lukaj's conviction contained alternative elements. The statute, in relevant part, defined aggravated battery as follows:

> A person commits aggravated battery who, in committing battery:
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
> 2. Uses a deadly weapon.

Fla. Stat. § 784.045(1)(a).

Lukaj's argument that section 784.045(1)(a) is indivisible is foreclosed by *Turner* and *Vereen*. In those decisions, we concluded that section 784.045(1)(a) created two distinct crimes and then applied the modified categorical approach to classify the defendants' convictions as crimes of violence. *Vereen*, 920 F.3d at 1313–14; *Turner*, 709 F.3d at 1341. The same definition of aggravated battery applied to the defendants in *Vereen* and *Turner* and to Lukaj. And it matters not that *Turner* and *Vereen* involved a violent felony as defined in the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), because that definition is virtually identical to the definition in the elements clause for crime of violence that is incorporated into the Immigration and Nationality Act, 18 U.S.C. § 16(a), so the decisions interpreting those definitions apply interchangeably. *See United States v. Gonzalez-Lopez*, 911 F.2d 542, 546 n.4 (11th Cir. 1990), *superseded on other grounds by rule as stated in United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995).

Lukaj's argument that aggravated battery does not involve physical force is foreclosed by *Turner* and *Vereen* too. In *Turner*, we held that both means of committing aggravated battery under section 784.045(1)(a) "ha[ve] as an element the use, attempted use, or threatened use of physical force, indeed, *violent* force—that is, force capable of causing physical pain or injury to another person." *Turner*, 709 F.3d at 1341 (citation and internal quotation marks omitted). Later, in *Vereen*, we highlighted that *Turner* "held that a Florida aggravated battery conviction qualifies as a violent felony under the elements clause under either of the first two alternatives in § 784.045." 920 F.3d at 1313.

The records of Lukaj's prior conviction for aggravated battery confirm that his offense is a crime of violence under section 16(a). Lukaj's plea agreement and judgment of conviction state that he pleaded guilty to aggravated battery under section 784.045(1)(a) as a lesser-included offense of attempted murder. And his indictment charged that he "did carry, display, use, threaten to use, or attempt to use a firearm and did actually possess and discharge a firearm." Lukaj's prior conviction satisfies the elements clause of the definition of crime of violence. *See* 18 U.S.C. § 16(a). And Lukaj's receipt of a "term of imprisonment [of] at least one year" made his crime of violence an aggravated felony. 8 U.S.C. § 1101(a)(43)(F).

It does not matter that the Department earlier argued that Lukaj's prior conviction qualified as a crime of violence under section 16(b) and not under

12

section 16(a). Even if we treated its earlier argument as a concession, we are not bound to accept it. *See Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 547 n.6 (11th Cir. 2019). And the duty to exhaust rests with Lukaj, not the Department. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"). The process on remand gave the Board "a full opportunity to consider [Lukaj's] claims" and "to compile a record . . . for judicial review." *Amaya-Artunduaga*, 463 F.3d at 1250 (internal quotation marks omitted).

Lukaj's aggravated felony renders him ineligible for immigration relief. "The Attorney General may [not] cancel removal of . . . an alien[, like Lukaj,] who is . . . deportable from the United States . . . [and] has been convicted of an [aggravated felony] under section . . . 1227(a)(2)" of Title 8. 8 U.S.C. § 1229b(b)(1)(C). Lukaj's conviction and sentence of ten years of imprisonment also counts as a particularly serious crime for purposes of asylum, *id.* § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and of withholding of removal, *id.* § 1231(b)(3)(B)(ii), and makes him statutorily ineligible for those forms of relief too.

We deny that part of Lukaj's petition challenging the classification of his prior conviction for aggravated battery. Lukaj's conviction qualified as a crime of violence as it involved the use, attempted use, or threatened use of violent physical

13

force. *See* 18 U.S.C. § 16(a). And Lukaj's lengthy sentence made his crime of violence an aggravated felony. 8 U.S.C. § 1101(a)(43)(F).

### B. We Lack Jurisdiction to Review Lukaj's Argument Regarding His Application for Deferral of Removal.

"[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board]." *Amaya-Artunduaga*, 463 F.3d at 1250 (internal quotation marks omitted). In his appeal to the Board, Lukaj declined to challenge the finding that he failed to meet his burden of proof to qualify for deferral of removal under the Convention. Because "the rules are clear[ that] before proceeding to federal court, an alien must exhaust his or her administrative remedies," *id.* (alteration adopted) (quoting *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003)), we dismiss the part of Lukaj's petition involving his application for deferral of removal.

### IV. CONCLUSION

We **DENY** Lukaj's petition for review of the denial of relief from removal and **DISMISS** his petition for review of the denial of deferral of removal.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

14