[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14505

Non-Argument Calendar

_____

WILLIAM GOULBOURNE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A029-839-853

_____

Before WILSON, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

William Goulbourne, a lawful permanent resident and citizen of Jamaica, petitions for review of the immigration judge's ("IJ") and Board of Immigration Appeals' ("BIA") denials of his application for cancellation of removal.

I

Goulbourne was convicted of possession with intent to distribute 3, 4-methylenedioxymethamphetamine (MDMA) under the Georgia Controlled Substance Act, Ga. Code Ann. § 16-13-30(b); *id.* § 16-13-25(3)(Z) (listing MDMA under Schedule I controlled substances). "The [INA] allows the government to deport noncitizens who are convicted of certain crimes while in the United States, including drug offenses." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1278–79 (11th Cir. 2013) (citing 8 U.S.C. § 1227(a)). "Ordinarily, a deportable noncitizen may ask the Attorney General for discretionary relief from removal. But if that noncitizen has been convicted of an aggravated felony, he is not only deportable; he is also ineligible for any discretionary relief." *Id.* at 1279 (citations omitted); Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1229b(a)(3).[1] The term "aggravated felony" includes a conviction

---

[1] The INA also defines the term "aggravated felony" to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined

for a "drug trafficking" crime, which is defined as any felony punishable under the federal Controlled Substances Act (CSA).  INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).  A state offense qualifies as a federal aggravated felony only if it proscribes conduct punishable as a felony under federal law.  *Lopez v. Gonzalez*, 549 U.S. 47, 55–60 (2006).

Courts analyzing whether a conviction under a state statute qualifies as an aggravated felony apply a categorical or modified categorial approach, depending on the statutory scheme.  *See Donawa*, 735 F.3d at 1280.  Using the categorical approach, a court may examine only the statutory elements of the state and federal crimes to determine whether the state crime "categorically fits within the generic federal definition of a corresponding aggravated felony."  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (internal quotations omitted).  But courts should also consider whether the state statute is "divisible," or whether it "lists a number of alternative elements that effectively create several different crimes."  *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1180 (11th Cir. 2018) (quoting *Donawa*, 735 F.3d at 1281).  If the statute is divisible, then the court may apply the modified categorical approach.  Under this analysis,

---

in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B).  If Goulbourne's drug conviction did not constitute a "drug trafficking crime," we could consider whether the conviction fell into the broader category of "illicit trafficking in a controlled substance." *See Donawa*, 735 F.3d at 1280.  Goulbourne argued below, and reiterates now, that it did not.  Because we conclude that Goulbourne's conviction is a drug-trafficking crime, we need not consider whether it falls into the wider category of "illicit trafficking."

a court determines whether the individual defendant committed one of those subdivided crimes, and whether one of those crimes is sufficiently analogous to a federal aggravated felony. *Id.* at 1179. To do so, the reviewing court may look to so-called "*Shepard* documents"—a small set of documents including the plea agreement, plea colloquy, charging document, jury instructions, and "comparable judicial record[s] of this information"—to determine the elements of the individual defendant's divisible offense within the broader state statute. *Id.* at 1182; *see Shepard v. United States*, 544 U.S. 13, 26 (2005).

In this case, the Department of Homeland Security (DHS) initiated removal proceedings against Goulbourne because he was a noncitizen convicted of a state drug offense. DHS thought the offense qualified as a federal aggravated felony, preventing it from granting him discretionary relief from removal. Before the IJ, Goulbourne argued that he qualified for cancellation of removal because his prior conviction for possession with intent to distribute MDMA under Ga. Code § 16-13-30 did not qualify as a drug-trafficking offense under the categorical approach.

The IJ found that Ga. Code § 16-13-30 was divisible with respect to the identity of the controlled substance, so the IJ applied the modified categorical approach instead of the traditional categorical approach. The IJ then found that Goulbourne's state conviction for MDMA possession under § 16-13-30(b) was sufficiently analogous to MDMA possession in the federal CSA, 21 U.S.C. § 841(a)(1); 21 C.F.R. § 1308.11(d)(11). Accordingly, the IJ

concluded that Goulbourne's conviction qualified as both a drug-trafficking crime and an aggravated felony under § 1101(a)(43)(B), rendering him ineligible for discretionary relief from removal. The BIA adopted and affirmed the decision of the IJ, noting that this Circuit has held that Ga. Code § 16-13-30(b) was a divisible statute with respect to MDMA. *See Gordon v. U.S. Att'y Gen.*, 962 F.3d 1344, 1348–49 (11th Cir. 2020). Goulbourne timely filed a petition for review.

In the petition, Goulbourne argues that the IJ and BIA erred by applying the modified categorical approach to Ga. Code § 16-13-30(b). If they had properly applied the categorical approach, he says, then his state conviction would not qualify as a federal drug-trafficking crime because the state statute is broader than the federal CSA. Specifically, he argues that § 16-13-30(b) lacks a knowledge or intent *mens rea* and, therefore, that its elements do not categorically match those of the federal statute. Though this Court has held that § 16-13-30(b) is divisible and the modified categorical approach applies to convictions thereunder, *see Gordon*, 962 F.3d at 1348–49, Goulbourne argues that *Gordon* does not apply to his case. He insists that because *Gordon* analyzed whether the *identity* of a certain controlled substance under Georgia law qualified as a controlled substance under federal law, the reasoning

does not apply to his case, where the critical issue is whether the elements of both statutes are categorically the same.[2]

## II

This Court has jurisdiction to review a final administrative order of the BIA under 8 U.S.C. § 1252(a)(2)(D).  We review legal questions, such as whether a conviction qualifies as an aggravated felony, *de novo*.  *Lukaj v. U.S. Att'y Gen.*, 953 F.3d 1305, 1311 (11th Cir. 2020); *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1176 (11th Cir. 2016).  When the BIA issues a decision expressly adopting the IJ's decision, we review both decisions.  *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).  We may affirm on any ground supported by the record.  *United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019).

---

[2] A petitioner may not raise an issue for the first time in a reply brief.  *See United States v. Chalker*, 966 F.3d 1177, 1195 n.8 (11th Cir. 2020); *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 683 (11th Cir. 2014).  Goulbourne raised his argument distinguishing *Gordon* for the first time in his reply.  His opening brief cited *Gordon* only in passing and failed to acknowledge its holding applying the modified categorical approach to the specific Georgia statute at issue in this case.  Even so, we will consider his *Gordon* argument because he has adequately raised the *issue* whether the modified categorical approach was properly applied in this case, and we may consider any available *argument* in support of that issue.  *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 91 (1991) ("[O]nce an issue or claim is properly before a court, the court is not limited to the particular legal theories advanced by the parties but retains the independent power to identify and apply the proper construction of governing law.").

## III

The Georgia CSA, in relevant part, prohibits a person from manufacturing, delivering, distributing, dispensing, administering, selling, or possessing with intent to distribute any controlled substance.  Ga. Code Ann. § 16-13-30(b).  The statute encompasses some substances not included on the schedules accompanying the federal CSA, so not all convictions under it categorically constitute aggravated felonies involving drug trafficking crimes. *See Gordon*, 962 F.3d at 1348 ("The parties agree that § 16-13-30 encompasses substances that are not included on the schedules to the CSA; therefore, not all convictions under the Georgia statute categorically constitute aggravated felonies involving drug trafficking crimes."); *see also Descamps v. United States*, 570 U.S. 254, 261 (2013). Goulbourne is correct that under the traditional categorical approach a reviewing court would not find that the state conviction categorically matched the federal aggravated-felony definition.

But in *Gordon*, we held that Ga. Code § 16-13-30 is divisible because the state could charge and convict a defendant in separate counts for simultaneous possession of different controlled substances. *Gordon*, 962 F.3d at 1349.[3] Our prior-panel-precedent rule

---

[3] We followed circuit precedent that looks to state case law to determine divisibility if the face of the statute does not provide a clear answer. *See Gordon*, 962 F.3d at 1349; *Guillen*, 910 F.3d at 1179–84.  The Georgia Supreme Court has expressly rejected the contention that the illegal possession of several controlled substances amounts to a single offense, implying that the "elements of possession [of several controlled substances] are different" and that the "identity of the substance possessed is an element of possession." *Gordon*, 962 F.3d

establishes that a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Circuit sitting *en banc*. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). So we cannot accept Goulbourne's contention that the traditional categorical approach applies to this statute.[4]

We also must reject Goulbourne's argument that *Gordon* does not apply to this case. He insists that *Gordon* never evaluated whether the elements of Ga. Code § 16-13-30 are analogous to the federal CSA, only whether the identity of MDMA in the federal CSA matched ecstasy in the Georgia statute. *Cf. Gordon*, 962 F.3d at 1349–51. If we were to properly analyze whether the elements matched, he argues, we would find that they do not because the state statute does not contain a *mens rea* requirement while the federal statute does.

We disagree for two reasons. First, Goulbourne's position is foreclosed by our decision in *Gordon*. We held there that a

---

at 1349 (quoting *Guillen*, 910 F.3d at 1182). Therefore, we held that the statute was divisible and that the modified categorical approach applied. *Id.*

[4] For this reason, Goulbourne's appeals to *Donawa*, 735 F.3d at 1275, are inapposite. In that case, we held that the Florida Controlled Substance Act was broader than the federal CSA based on their respective *mens rea* requirements, and thus that a Florida drug conviction did not qualify as a drug-trafficking offense under the federal CSA. *Id.* at 1281–82. But *Gordon* clearly controls our interpretation of the Georgia CSA. And it cannot be superseded by Goulbourne's invocation of an unpublished opinion in *Jones v. U.S. Att'y Gen.*, 742 F. App'x 491 (11th Cir. 2018).

conviction under Ga. Code § 16-13-30 qualifies as a felony under the federal CSA and as an aggravated felony for cancellation of removal ineligibility. *Gordon*, 962 F.3d at 1351. Second, even if we could depart from *Gordon*'s holding, Goulbourne would be wrong on the merits. Goulbourne contends that the absence of a *mens rea* requirement in the Georgia statute makes it broader than the federal CSA, which requires proof of knowledge or intent. 21 U.S.C. § 841(a)–(a)(1).[5] But Georgia state courts have held that although § 16-13-30(b) offenses do not include an express *mens rea* requirement, they are not strict liability crimes; the criminal intent required to violate that section is the intent to possess, sell, or distribute a drug *with knowledge* of the chemical identity of the drug. *Awtrey v. State*, 815 S.E.2d 655, 660–61 (Ga. Ct. App. 2018) (citing *Duvall v. State*, 712 S.E.2d 850, 851 (Ga. 2011)). A Georgia state appellate court even reversed a conviction under § 16-13-30(b) when the "State failed to establish" the knowledge element. *See Mohamed v. State*, 723 S.E.2d 694, 697 & n.13 (Ga. Ct. App. 2012). Further, Goulbourne misinterprets the federal CSA *mens rea* requirement; he insists that it requires both "knowledge of the illicit nature of the offense" as well as knowledge about the identity of the controlled substance, and thus does not match the state statutory elements. But this Circuit has held that the federal CSA *mens*

---

[5] We construe his argument broadly to address whether the crimes are analogous under the modified categorical approach, even though he contends that the state and federal crimes do not match under the categorical approach that we have already established does not apply.

*rea* requires only knowledge of the identity of the substance, not knowledge of the law. *See United States v. Tobin*, 676 F.3d 1264, 1279–80 & n.6 (11th Cir. 2012) ("[A] sincere belief that [a defendant's] distribution of controlled substances was in conformity with the law would be 'irrelevant' to the distribution counts . . . ."); *see also Bryan v. United States*, 524 U.S. 184, 192 (1998) ("[T]he knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.") (quoting *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 345 (1952) (Jackson, J., dissenting)). The *mens rea* element therefore matches between the two statutes.

Finally, we reject Goulbourne's argument that a court may not look to state law to determine whether the identity of a substance in a state conviction fits within the federal generic-crime definition. Again, *Gordon* already established that this is the proper analytic method. *Gordon*, 962 F.3d at 1350. And Goulbourne's argument also rests on an incorrect understanding of the categorical approach. He asserts that looking to state law to determine the identity of a substance is a question of fact for a jury, implying that the practice violates *Alleyne*'s holding requiring issues of fact to be determined by a jury. *Alleyne v. United States*, 570 U.S. 99, 103 (2013). But issues of fact submitted to a jury and found beyond a reasonable doubt constitute elements of the crime that are susceptible to examination under the modified categorical approach; indeed, looking to state law is required under the categorical approach. *See Mathis v. United States*, 579 U.S. 500, 513 (2016)

(distinguishing between finding facts and determining elements under the modified categorical approach and observing that "[t]he only [use of that approach] we have ever allowed . . . is to determine which *elements* played a part in the defendant's conviction") (cleaned up); *Bourtzakis v. U.S. Att'y Gen.*, 940 F.3d 616, 622 (11th Cir. 2019) ("Because the conduct a state statute proscribes 'is a question of [state] law,' we 'look to the state's courts to answer this question.'") (quoting *United States v. Lockett*, 810 F.3d 1262, 1270 (11th Cir. 2016)).

In sum, *Gordon* held that a violation of Ga. Code § 16-13-30 qualifies as a felony under the federal CSA and an aggravated felony for a drug-trafficking crime under the INA. *Gordon*, 962 F.3d at 1351. We also concluded that MDMA, in particular, is a controlled substance under both the federal CSA and Georgia CSA. *Id.* at 1350 ("We agree that Georgia case law indicates that Georgia courts refer to MDMA as ecstasy."). Because the modified categorical approach applied, the IJ and BIA were allowed to consider Goulbourne's *Shepard* documents to determine that he was convicted specifically of MDMA possession with intent to distribute. *See Guillen*, 910 F.3d at 1180.

Because we must follow *Gordon*, and because the IJ and BIA properly did so, Goulbourne is ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). We deny Goulbourne's petition.

**PETITION DENIED.**