[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-13197

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN B. LANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:18-cr-00044-MCR-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Justin Lane pleaded guilty to mailing threatening communi-cations and threatening to use weapons of mass destruction. On appeal, Lane challenges his sentence, arguing that the district court erred in classifying him as a career offender under the sentencing guidelines. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While serving a sentence in state prison, Lane sent two let-ters to a state attorney's office. In the first, he wrote: "[W]hy don't you inhale this powder and die . . . maybe it is anthrax who knows—f-ck you die pig." In the second, he wrote: "F-ck you die, die, die, ha, ha, ha, anthrax, goodbye." Each letter contained a white powdery substance and triggered biothreat protocols at the state attorney's office when a secretary opened them. The letters later tested negative for anthrax.

A grand jury indicted Lane on four counts: two counts of mailing threatening communications, in violation of 18 U.S.C. sec-tion 876(c), and two counts of threatening to use a weapon of mass destruction, in violation of 18 U.S.C. section 2332a. Lane pleaded guilty to all counts. After he pleaded guilty, the probation office prepared a presentence investigation report.

The report classified Lane as a career offender under section 4B1.1 of the sentencing guidelines. It reasoned that Lane "was at

least [eighteen] years old at the time of the instant offense"; "the instant offense of conviction [was] a felony that [was] . . . a crime of violence"; and Lane "ha[d] at least two prior felony convictions [that were] crime[s] of violence." "[T]herefore, [Lane was] a career offender."

While the career offender enhancement required only two prior crimes of violence, the presentence investigation report identified three. The first was for *robbery*, under Florida Statutes section 812.13, where Lane robbed a convenience store at gunpoint. The second was for *aggravated battery*, under Florida Statutes section 784.045, where Lane stabbed two victims multiple times with a screwdriver. The third was for *mailing threatening letters*, under 18 U.S.C. section 876(c), where Lane sent another letter to a different state attorney's office threatening anthrax.

Lane objected to the presentence investigation report, arguing that he had committed only one prior crime of violence and so the career offender enhancement didn't apply. He acknowledged that his robbery conviction was a crime of violence, but he argued that his convictions for aggravated battery and mailing threatening letters weren't. As to aggravated battery, Lane conceded that, in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015), this court held that a Florida aggravated battery conviction categorically qualified as a violent felony under the Armed Career Criminal Act. But, he argued, *Turner* (1) was "wrongly decided," (2) never considered his "specific argument," and (3) was

decided under a different statute. As to mailing threatening letters, Lane argued that the crime couldn't qualify as a crime of violence because it required only recklessness, while crimes of violence must be intentional.

The district court overruled Lane's objection to the career offender enhancement. As to Lane's aggravated battery conviction, the district court concluded the offense was a crime of violence and that Lane's argument to the contrary was "squarely foreclosed by Eleventh Circuit precedent." It noted that this court had "repeatedly held that a conviction for aggravated battery under [section] 784.045 categorically qualifies as a violent felony" under a provision of the Armed Career Criminal Act that is "virtually identical" to the career offender guidelines. As to Lane's conviction for mailing threatening letters, the district court followed what it said was the majority rule across the federal circuits: that the offense qualifies as a crime of violence. As a result, the district court concluded that he had committed *three* crimes of violence—one more than necessary to apply the enhancement.

At sentencing, the district court applied the career offender enhancement and calculated Lane's advisory guidelines range. Lane's total offense level was thirty-four. Lane's criminal history category was VI. With a total offense level of thirty-four and a criminal history category of VI, Lane's advisory guidelines range was 262 to 327 months' imprisonment.

The district court varied downward and sentenced Lane to 120 months' imprisonment to be followed by five years of supervised release. Lane timely appealed.

## STANDARD OF REVIEW

"We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the sentencing guidelines." *United States v. Matthews*, 3 F.4th 1286, 1291 (11th Cir. 2021) (cleaned up) (quoting *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015)).

## DISCUSSION

A defendant qualifies as a "career offender" under the sentencing guidelines if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The parties agree that Lane satisfies the first two elements because (1) he was at least eighteen years old when he committed the present crimes and (2) one of his instant offenses (threatening to use a weapon of mass destruction) is a crime of

violence.[1] But they disagree on the third element—whether Lane has been convicted of at least two prior crimes of violence. We conclude that Lane committed two prior crimes of violence, and so the district court properly applied the career offender enhancement.

A "crime of violence" is defined to include (among other things) a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Courts call this the elements clause. "The Supreme Court has defined physical force as '*violent* force— that is, force capable of causing physical pain or injury to another person.'" *United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

In this case, Lane had at least two prior crimes-of-violence convictions. U.S.S.G. § 4B1.1 (providing that a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to qualify for the career offender enhancement). First, in Lane's words, there's no "dispute that a Florida robbery is a qualifying offense." And for good reason: this court has already held that a "Florida robbery conviction was

---

[1] *Cf. United States v. Evans*, 478 F.3d 1332, 1342 n.9 (11th Cir. 2007) (noting, in applying a similar sentencing enhancement, that "threatening to use a weapon of mass destruction against a person . . . qualifie[s] as a 'serious violent felony'").

19-13197                Opinion of the Court                7

. . . a crime of violence." *United States v. Martinez*, 964 F.3d 1329, 1333 n.1 (11th Cir. 2020) (cleaned up).

Second, Lane's aggravated battery conviction under Florida Statutes section 784.045 (for stabbing two victims multiple times with a screwdriver) is also a crime of violence. In *Turner*, we held that Florida's aggravated battery statute was a "violent felony" under the Armed Career Criminal Act. 709 F.3d at 1341. The Act defines a "violent felony" (for our purposes) in the *exact* same way that the sentencing guidelines define crimes of violence: as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). We reviewed Florida's aggravated battery statute, which provides:

> A person commits aggravated battery who, in committing battery:
>
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
>
> 2. Uses a deadly weapon.

Fla. Stat. § 784.045.[2] And we held that both of these prongs were crimes of violence: the first prong "involves the intentional or

---

[2] Florida's aggravated battery statute also provides that a "person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that

knowing causation of great bodily harm, and the other [prong] involves the use of a deadly weapon." *Turner*, 709 F.3d at 1341. "Either way," we said, "the crime has as an element the use, attempted use, or threatened use of physical force, indeed, violent force." *Id.* (cleaned up). We could "therefore say without compunction that [a] conviction for aggravated battery qualifies as a violent felony for purposes of the [Armed Career Criminal Act]." *Id.*

We have repeatedly reaffirmed this holding. *See, e.g., United States v. Vereen*, 920 F.3d 1300, 1313 (11th Cir. 2019) ("We've held that a Florida aggravated battery conviction qualifies as a violent felony under the elements clause under either of the first two alternatives in [section] 784.045."); *In re Rogers*, 825 F.3d 1335, 1341 (11th Cir. 2016) ("We previously have held that a conviction under Florida's aggravated assault statute categorically qualifies as a violent felony under the [Armed Career Criminal Act's] still-valid elements clause."); *Lukaj v. U.S. Att'y Gen.*, 953 F.3d 1305, 1312 (11th Cir. 2020) (explaining that the petitioner's "argument that [Florida] aggravated battery does not involve physical force is foreclosed by *Turner* and *Vereen*").

These decisions—*Turner*, *Vereen*, *Rogers*, and *Lukaj*—compel our result here. While this case hinges on whether aggravated battery is a "crime of violence" under the sentencing guidelines, not a "violent felony" under the Armed Career Criminal Act,

---

the victim was pregnant." Fla. Stat. § 784.045(1)(b). Neither side suggests that this third possible aggravated battery offense is relevant here.

the definitions are "virtually identical," and so "decisions about one apply to the other." *Turner*, 709 F.3d at 1335 n.4 (cleaned up); *see also United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017) ("In determining whether a conviction is a 'crime of violence' under [the guidelines] we rely on cases interpreting the definition of 'violent felony' under the Armed Career Criminal Act . . . because the definitions are substantially the same."). And so Florida aggravated battery is a crime of violence under section 4B1.1 of the guidelines.

Lane "acknowledges [that] this [c]ourt [has] previously held an aggravated battery offense is categorically a crime of violence," but nonetheless urges reversal for two reasons. First, Lane argues that *Turner*'s holding—that Florida aggravated battery is a violent felony—has been "severely undermined" and therefore "abrogat[ed]" by *Borden v. United States*, 141 S. Ct. 1817 (2021). But *Borden* simply held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under" the Armed Career Criminal Act. *Id.* at 1834. The Florida aggravated battery statute punishes only "intentional[]" crimes, so *Borden* (which said that *reckless* crimes are not violent felonies) cannot help. *See* Fla. Stat. §§ 784.03, 784.045; *see also United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (explaining that "[w]e may disregard the holding of a prior opinion only where that holding is overruled" by a decision of the Supreme Court or our en banc court that is "clearly on point" (cleaned up)).

Second, Lane argues that "*Turner*'s analysis . . . was flawed." The problem is that, "[e]ven if we thought [*Turner* was] wrong,

the prior panel precedent rule is not dependent upon a subsequent panel's appraisal of the initial decision's correctness." *Smith v. GTE Corp.*, 236 F.3d 1292, 1301–02 (11th Cir. 2001) (quoting *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000)); *see also United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong."). This argument won't work either.

★    ★    ★

In sum, Lane's prior convictions for robbery and aggravated battery were crimes of violence. And so the district court properly applied the career offender enhancement.

**AFFIRMED.**