**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10514

_____

WOFF SENATUS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A070-798-575

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

BRANCH, Circuit Judge:

Woff Senatus was a lawful permanent resident of the United States, but he was removed to Haiti after he was convicted in Florida of aggravated assault with a deadly weapon. He now petitions this Court to review the Board of Immigration Appeals's

decision not to reopen his proceedings, arguing that his Florida conviction does not qualify as a "crime of violence" under the relevant statutory removal provision, so his conviction cannot serve as a predicate for his removal. Our precedent, however, forecloses this argument, and we thus deny Senatus's petition for review.[1]

## I.    Background

The facts relevant to this petition are not in dispute. Woff Senatus was a native and citizen of Haiti who became a lawful permanent resident of the United States in 2002. In 2021, Senatus was convicted of aggravated assault with a firearm in violation of Florida Statute § 784.021(1)(a) and sentenced to 14 months' imprisonment and three years of probation. Following that conviction, the Department of Homeland Security (DHS) commenced removal proceedings against Senatus due to his conviction for an aggravated felony that was a crime of violence, according to the relevant provisions of the Immigration and Nationality Act (INA).[2] Senatus, represented by counsel, conceded

---

[1] The government filed a motion to dismiss the petition as untimely because Senatus filed his petition for review outside the 30-day deadline set forth in 8 U.S.C. § 1252(b)(1). Senatus urged us to equitably toll the 30-day filing deadline and consider his petition on the merits. We carried the motion to dismiss with the case. Because Senatus's petition fails on the merits, we do not reach the question of whether equitable tolling is available for the 30-day filing deadline in § 1252(b)(1), and we deny the government's motion to dismiss as moot.

[2] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of an

his removability at a hearing before an Immigration Judge (IJ), and the IJ designated Haiti as Senatus's country of removal. Senatus proceeded with an application for asylum and withholding of removal, but his application was denied. He then appealed this denial to the Board of Immigration Appeals (BIA), and the BIA affirmed the IJ's removal decision.

Shortly thereafter, Senatus filed two *pro se* motions with the BIA: a motion to reopen proceedings and an emergency motion for stay of removal. In his motion to reopen proceedings, he argued that his counsel was ineffective for failing to challenge Senatus's removability, because the Florida statute under which Senatus had been convicted allowed convictions with a mens rea of mere recklessness, while a "crime of violence" for the purpose of removability required a mens rea of intent. While the motion to reopen proceedings was pending, the BIA denied Senatus's motion for a stay of removal. Senatus asserts that he was deported to Haiti in or around June 2023.

On January 11, 2024, the BIA denied Senatus's motion to reopen proceedings. The BIA determined that Senatus's arguments regarding his Florida conviction and the definition of a

---

"aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

"crime of violence" were not persuasive, so he was not prejudiced by his prior counsel's alleged deficient performance.[3]

On February 20, 2024, Senatus filed his petition for review with this Court.[4]  We appointed counsel to represent him in this appeal.

## II.    Standard of Review

"We review the denial of a motion to reopen removal proceedings for abuse of discretion."  *Rosales-Mendez v. U.S. Att'y Gen.*, 104 F.4th 1271, 1274 (11th Cir. 2024).  "We review legal conclusions underlying the denial *de novo*."  *Id.*

## III.    Discussion

Senatus argues that the BIA erred in ordering his removal, because his Florida conviction for aggravated assault with a deadly weapon is not a crime of violence for the purposes of removal.  But our previous decisions foreclose his arguments.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  An "aggravated felony" is defined, in part, as "a crime of violence

---

[3] Senatus had raised in his motion a second ground for reopening proceedings that the BIA likewise rejected.  Senatus does not raise this second argument on appeal.

[4] It is undisputed that Senatus's petition was filed more than 30 days after the BIA's order.  *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review of an order of removal must be filed "not later than 30 days after the date of the final order of removal").

(as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 of Title 18 of the U.S. Code, in turn, provides,

> The term "crime of violence" means—
>
>> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. So an alien may be deported based on his state or federal conviction for a "crime of violence."

When considering whether a state conviction qualifies as a "crime of violence" allowing for removal, "we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA" (such as a "crime of violence"). *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).

> Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the "generic" federal definition of a corresponding aggravated felony. . . . [A] state

> offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.   Whether the noncitizen's actual conduct involved such facts is quite irrelevant.

*Id.* (alterations adopted) (quotations and citations omitted).  If the state offense is comparable to the generic federal offense, then it qualifies as a ground for the offender's removal.  *Id.*  If, however, the offender can show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" what the generic federal offense requires, then he may not be removed based on that offense.  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

In this case, the question is whether the Florida aggravated assault offense of which Senatus was convicted allows for a lower standard of mens rea than does the generic federal offense.  In *Borden v. United States*, the Supreme Court determined that a criminal offense with the mens rea of mere recklessness does not qualify as a violent felony under the ACCA—a statute to which we also apply the categorical rule.  593 U.S. 420, 445 (2021) (plurality opinion); *see id.* at 445 (Thomas, J., concurring in the judgment) (agreeing that the provision of the ACCA at issue does not encompass "reckless aggravated assault"); *Somers v. United States*, 66 F.4th 890, 895 (11th Cir. 2023) (*Somers III*) (identifying the narrowest holding of the five-justice majority in *Borden*).  *Borden* itself pointed to the Supreme Court's decision in *Leocal v. Ashcroft*, where the Court determined mere negligence could not provide

the mens rea for a crime of violence under 18 U.S.C. § 16 (reserving the question of whether recklessness might suffice). *Leocal v. Ashcroft*, 543 U.S. 1, 13 (2004). And we have determined that 18 U.S.C. § 16's definition of a "crime of violence" is "virtually identical" to the Armed Career Criminal Act's (ACCA) definition of a "violent felony," so "decisions interpreting those definitions apply interchangeably." *Lukaj v. U.S. Att'y Gen.*, 953 F.3d 1305, 1312 (11th Cir. 2020), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). So, for our purposes—and the parties agree—the generic federal offense of a "crime of violence" under 18 U.S.C. § 16 must have a mens rea of more than recklessness.

We must therefore consider whether the state crime of which Senatus was convicted also requires a mens rea of more than recklessness. In 2021, Senatus was convicted of violating Florida Statute § 784.021(1)(a) ("An 'aggravated assault' is an assault[] [w]ith a deadly weapon without intent to kill . . . .") and was sentenced to 14 months' imprisonment and three years of probation. Senatus contends that at the time of his conviction, Florida courts allowed defendants to be convicted under § 784.021(1)(a) for mere recklessness, and he identifies at least one case where such a conviction was affirmed. *See Kelly v. State*, 552 So. 2d 206, 208 (Fla. 5th DCA 1989) (recognizing that there was "no proof of an intentional assault" but noting that the conviction could be sustained with "culpable negligence" or "willful and reckless disregard"). Under the categorical approach, then, he asserts that

his Florida conviction is not a crime of violence allowing for his removal.

But our precedent forecloses Senatus's argument. In *Somers v. United States*, we considered, in the ACCA context, whether conduct involving mere recklessness would violate Florida Statute § 784.021(1)(a). 15 F.4th 1049, 1054 (11th Cir. 2021) (*Somers I*). We pointed to several decisions from Florida's intermediate appellate courts that seemed to confirm that specific intent was an element of this crime, but we noted that at least two decisions in the Fifth District Court of Appeal—including *Kelly*, cited above—had affirmed convictions without finding such intent. *Id.* at 1054–55. Given the split, we certified two questions to the Florida Supreme Court regarding the mens rea required under Florida Statute § 784.021(1). *Id.* at 1056. The Florida Supreme Court responded that the provision could not "be accomplished via a reckless act"; "at least knowing conduct" was required. *Somers v. United States*, 355 So. 3d 887, 892 (Fla. 2022) (*Somers II*). Based on this explanation, we held that "aggravated assault under Florida law categorically qualifies as a 'violent felony'" under the ACCA. *Somers III*, 66 F.4th at 896.

As previously noted, we apply decisions interpreting "violent felony" under the ACCA and "crime of violence" under 18 U.S.C. § 16 "interchangeably." *Lukaj*, 953 F.3d at 1312. Thus, our caselaw instructs that aggravated assault pursuant to Florida Statute § 784.021(1)(a) qualifies as a violent felony, making Senatus's removal proper.

24-10514               Opinion of the Court                    9

Senatus raises two arguments resisting the application of the *Somers* cases to his petition. First, he contends that *Somers III* does not control our decision in this case, because the ACCA standard for showing that a state would apply its statute to conduct falling outside the generic federal offense is different than *Gonzales*'s "realistic probability" standard for the same inquiry in the context of the INA. *See Gonzales*, 549 U.S. at 193 (observing, in the INA context, that under the categorical approach, an offender must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" what the generic federal offense requires). But, again, we often analyze ACCA provisions and removability provisions in tandem. This practice extends beyond parallel interpretations of "crime of violence" and "violent felony"; we have recognized that "[t]he general analytical framework and principles" of the ACCA and the immigration context "are analogous, and so this Court has routinely imported holdings from one context to the other." *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280 n.3 (11th Cir. 2013). In fact, we have applied the "realistic probability" language from *Gonzales* (on which Senatus relies) in the context of an ACCA enhancement. *See United States v. White*, 837 F.3d 1225, 1230 (11th Cir. 2016). So just as decisions interpreting the terms "crime of violence" and "violent felony" "apply interchangeably," *Lukaj*, 953 F.3d at 1312, we recognize that when the categorical approach applies (as it does here), it works the same way in the immigration context as it does under the ACCA. *See, e.g., White*, 837 F.3d at 1230. Thus Senatus's first argument fails.

Second, Senatus argues that *Somers II* was decided *after* his conviction in 2021, so that decision indicates only how the relevant Florida statute would be interpreted going forward; because Florida courts allowed convictions based on recklessness before *Somers II*, the categorical approach excludes his own conviction.[5] But the *Somers III* Court anticipated this argument and specified that "[w]hen the Florida Supreme Court interprets a statute, it tells us what that statute always meant." *Somers III*, 66 F.4th at 896 (quotations omitted). In other words, Senatus "cannot rely on earlier decisions of Florida's intermediate courts of appeal to avoid this clear holding." *Id.*; *see also United States v. Gary*, 74 F.4th 1332, 1334–36 (11th Cir. 2023) (applying *Somers II* and *III* to find that a

---

[5] The government contends that Senatus failed to exhaust this argument because he did not "raise[] this issue before the [BIA] in his motion to reopen as required by 8 U.S.C. § 1252(d)(1)." But § 1252(d)(1)'s exhaustion requirement "is not a stringent requirement." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. 411. A petitioner "must have previously argued the core issue now on appeal before the BIA," but he need not "use precise legal terminology or provide a well-developed argument to support [his] claim." *Id.* (alterations adopted) (quotations omitted); *see also Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (finding that an alien challenging removal had exhausted "the same core argument" he now raised that the state law under which he had been convicted was broader than the generic federal crime). Senatus clearly argued the core issue in his motion to reopen: that his conviction should not be considered a "crime of violence" for the purposes of removal because he could point to a case where the Florida statute under which he was convicted had been applied with a mens rea of recklessness.

24-10514                Opinion of the Court                11

defendant's pre-*Somers* 2016 conviction qualified him for an ACCA enhancement).

Senatus argues that changes in Florida law, such as the one the Florida Supreme Court announced (or clarified) in *Somers II*, do not apply retroactively unless they satisfy a three-part test, and since the *Somers III* Court did not perform that analysis, it could not legitimately determine that the law applied retroactively. But regardless of whether Florida courts would treat *Somers II* as retroactive, we are bound by our own decision that a conviction under Florida Statute § 784.021(1)(a) requires more than recklessness for the purposes of the categorical approach to a "crime of violence" or a "violent felony," even for convictions preceding *Somers II*. *See Somers III*, 66 F.4th at 896.[6]

---

[6] Senatus makes one more attempt to resist this conclusion, arguing that we should adopt the approach taken by the Seventh Circuit in *United States v. Anderson*, 99 F.4th 1106 (7th Cir. 2024). The *Anderson* court considered the same Florida aggravated assault statute, but it concluded that it should "look to the law at the time of the offense" rather than to a later change in law announced by the Florida Supreme Court. *Id.* at 1111. Because the Florida Supreme Court did not explicitly make its *Somers II* decision retroactive, the Seventh Circuit reviewed the various Florida appellate court decisions from before the defendant's Florida conviction and determined that, "based on those conflicting decisions, there was a realistic probability that courts would punish conduct that included recklessness." *Id.* at 1112. Thus, the Seventh Circuit concluded that the government could not rely on the defendant's Florida conviction as an ACCA predicate. *Id.* at 1113.

Senatus argues that we should take the same approach here. However, *Anderson* does not guide our decision—*Somers* does. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("A prior panel decision of this Court

We thus conclude that Senatus's Florida conviction qualifies as a "crime of violence" under 18 U.S.C. § 16 such that his removal was proper.  The BIA, therefore, did not abuse its discretion when it denied his petition to reopen.

### IV.    Conclusion

For these reasons, we **DENY** Senatus's petition for review.

---

is binding on subsequent panels and can be overturned only by the Court sitting en banc.").