[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12731

Non-Argument Calendar

_____

SANTO ESTEBAN CASTRO-MERCEDES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A059-233-684

_____

2                    Opinion of the Court                    23-12731

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Santo Esteban Castro-Mercedes petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming a removal order entered by an Immigration Judge ("IJ").  Castro-Mercedes argues that his prior conviction, under Florida law, for robbery, Fla. Stat. § 812.13(2)(c), was not an "aggravated felony" under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(1)(A)(iii).  After careful review, we deny his petition.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Castro-Mercedes, a native and citizen of the Dominican Republic, entered the United States in 2010.  In November 2021, the Department of Homeland Security served Castro-Mercedes, then a lawful permanent resident, with a notice to appear ("NTA").  The NTA alleged that Castro-Mercedes was removable because he had been convicted of an "aggravated felony," INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as, among other things, "a crime of violence (as defined in [18 U.S.C. § 16], but not including a purely political offense) for which the term of imprisonment [is] at least one year").  An IJ ultimately sustained the NTA's charge of removal on the basis that Castro-Mercedes's 2017 conviction for Florida strongarm robbery, Fla. Stat. § 812.13(2)(c), was a crime of violence under the INA.

Castro-Mercedes administratively appealed the IJ's decision to the BIA, raising several arguments.  Relevant here, he contended

that Florida strongarm robbery does not qualify as a crime of violence because it does not require force to be directed at another person.

In July 2023, the BIA dismissed Castro-Mercedes's administrative appeal. The BIA agreed with the IJ's determination that Castro-Mercedes was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of an aggravated felony crime of violence—namely, strongarm robbery under Florida law, Fla. Stat. § 812.13(2)(c). It noted that this Court has held before that robbery as defined by Florida law was a crime of violence for sentence enhancement purposes, and it agreed that "in order to be found guilty of robbery under the statute, there must be an element of the use, attempted use, or threatened use of physical force." On this basis, the BIA rejected Castro-Mercedes's arguments and dismissed his appeal.

This timely petition for review followed.

## II. STANDARDS OF REVIEW

We review *de novo* questions of law, including whether a crime qualifies as an aggravated felony under the INA. *Cintron v. U.S. Att'y Gen.*, 882 F.3d 1380, 1383 (11th Cir. 2018); *Leger v. U.S. Att'y Gen.*, 101 F.4th 1295, 1299 (11th Cir. 2024) ("This is a 'question of law subject to plenary review.'" (quoting *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023))). "We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision." *Gonzalez v. U.S. Att'y. Gen.*, 820 F.3d 399, 403 (11th Cir. 2016), *abrogated in part on other grounds by Loper Bright Enters. v.*

*Raimondo*, 144 S. Ct. 2244 (2024).  "We do not consider issues that were not reached by the BIA."  *Id.*

In undertaking our review, we "must follow Supreme Court precedent that has 'direct application' in a case, even if it appears that the reasoning of the Supreme Court precedent has been rejected in other cases."  *Motorcity of Jacksonville, Ltd. ex rel. Motorcity, Inc. v. Se. Bank N.A.*, 120 F.3d 1140, 1143 (11th Cir. 1997) (*en banc*) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)).  "Only the Supreme Court has 'the prerogative of overruling its own decisions.'"  *Id.* (quoting *Rodriguez De Quijas*, 490 U.S. at 484); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000) ("[The Supreme Court] does not normally overturn, or . . . dramatically limit, earlier authority *sub silentio*.").

## III. DISCUSSION

Castro-Mercedes challenges the BIA's determination that he is removable on the basis his Florida robbery conviction qualifies as an aggravated felony and crime of violence under the INA.[1]  He argues that *Borden v. United States*, 593 U.S. 420 (2021) (plurality opinion), shows that offenses with a *mens rea* of recklessness do not qualify as a crime of violence because, to be a crime of violence, an offense must be targeted against the person or property of another.

---

[1] The BIA considered several other issues in its opinion, but Castro-Mercedes does not challenge the BIA's rulings on those issues on appeal.  Thus, any issues in those respects are abandoned.  *See Alkotof v. U.S. Att'y Gen.*, 106 F.4th 1289, 1295 n.9 (11th Cir. 2024).

He also highlights that the Supreme Court more recently reasoned, in *United States v. Taylor*, 596 U.S. 845 (2022), that a "threatened" use of force must be a communicated threat and not merely a risk. He argues that Florida robbery does not qualify under these two cases because it can be accomplished by the alternative means of putting the victim in fear, which requires neither targeting force against an intended victim nor a communicated threat. The BIA erred, he concludes, by failing to consider the precedent of Florida courts establishing this and by failing to address the intervening Supreme Court precedent of *Borden* and *Taylor*.

The government argues that Castro-Mercedes' petition should be denied because recent caselaw has not overturned *Stokeling v. United States*, 586 U.S. 73 (2019), which established that Florida robbery is a qualifying crime of violence.

"Any [non-citizen] who is convicted of an aggravated felony at any time after admission is deportable." INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). A crime may be an aggravated felony if, *inter alia*, it is a "crime of violence (as defined in [18 U.S.C. § 16]) . . . for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (footnote omitted). Under 18 U.S.C. § 16, a "'crime of violence' means— (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a); *see also Sessions v. Dimaya*, 584 U.S. 148, 157-62, 174-75 (2018) (holding 18 U.S.C. § 16(b) unconstitutional).

Another provision of federal law, the Armed Career Criminal Act ("ACCA"), provides for sentencing enhancements when a defendant has committed three prior "violent felon[ies]" or serious drug offenses committed on different occasions.   18 U.S.C. § 924(e)(1).  Similar to § 16, the ACCA's "elements clause" defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—*has as an element the use, attempted use, or threatened use of physical force against the person of another* . . . ."  *Id.* § 924(e)(2)(B)(i) (emphasis added).

The "categorical approach" is used to determine whether a state conviction "qualifies as an 'aggravated felony' under the INA."  *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).[2]  Under the categorical approach, "we examine what the state conviction necessarily involved, not the facts underlying the case, [and] we must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense."  *Id.* at

---

[2] We use the "modified categorical approach" when a statute defines multiple crimes with alternative elements instead of "enumerat[ing] various factual means of committing a single element."  *Mathis v. United States*, 579 U.S. 500, 505–06 (2016).  This kind of statute is called "divisible," and the modified categorical approach calls for the division of the statute into its separate crimes for separate analysis.  *Id.*  Castro-Mercedes does not argue the modified categorical approach should apply.  Moreover, as we discuss, the Supreme Court in *Stokeling* addressed this statute and did not use the modified categorical approach.  Thus, we do not address the issue further.

190–91 (alterations adopted) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

Under Florida law, robbery is "the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). The robbery is a second-degree felony if the offender "carried no firearm, deadly weapon, or other weapon . . . ." *Id.* § 812.13(2)(c).

In *Stokeling*, the Supreme Court "granted certiorari to address whether the 'force' required to commit robbery under Florida law qualifies as 'physical force' for purposes of the [ACCA's] elements clause." 586 U.S. at 77; *see id.* at 77-87. After surveying Florida caselaw, the Supreme Court concluded that Florida robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 85-87 (citing *Robinson v. State*, 692 So. 2d 883 (Fla. 1997)). It accordingly held that completed "[r]obbery under Florida law corresponds to th[e requisite] level of force and therefore qualifies as a 'violent felony' under [the] ACCA's elements clause." *Id.* at 87.

Thus, the Supreme Court already has held that Florida robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 85-87. Therefore, we conclude that Florida robbery qualifies under the nearly identical language defining a "crime of violence" under the

INA. *Compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* 18 U.S.C. § 16(a). In fact, we have held that "the decisions interpreting" § 924(e)(2)(B)(i) and § 16(a) "apply interchangeably." *Lukaj v. U.S. Att'y Gen.*, 953 F.3d 1305, 1312 (11th Cir. 2020), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023); *see also Talamantes-Enriquez v. U.S. Att'y Gen.*, 12 F.4th 1340, 1347-48 (11th Cir. 2021) (applying cases interpreting the ACCA to decide whether a conviction was for a crime of violence under § 16); *United States v. Gonzalez-Lopez*, 911 F.2d 542, 546 n.4 (11th Cir. 1990) (same), *superseded on other grounds by rule as stated in United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995).

Given that *Stokeling* has "direct application" here, *Motorcity*, 120 F.3d at 1143, we remain bound to apply it if it has not been overturned and, as we have explained, this means "[i]t does not matter whether a prior case was wrongly decided . . . whether it failed to consider certain critical issues or arguments . . . or whether it lacked adequate legal analysis to support its conclusions," *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018). We could only grant Castro-Mercedes's petition if *Stokeling* had been overturned or abrogated to the point that we are not bound to follow it. Generally, the only court that can overturn the Supreme Court's precedent is the Supreme Court. *Motorcity*, 120 F.3d at 1143. Still, federal precedent interpreting state law only remains binding on federal courts until state law is changed or the interpretation is called into doubt by new decisions of the state supreme court. *See World Harvest Church, Inc. v. Guideone Mut. Ins.*, 586 F.3d 950, 957 (11th Cir. 2009); *Hattaway v. McMillian*, 903 F.2d 1440, 1445

n.5 (11th Cir. 1990) ("Of course, if *subsequent* decisions of the United States Supreme Court or the Florida courts cast doubt on our interpretation of state law, a panel would be free to reinterpret state law in light of the new precedents." (emphasis in original)).  Upon review, we find no basis to conclude that *Stokeling* has been overruled or abrogated to the point that we are not bound to follow it.

First, Castro-Mercedes has not shown that *Stokeling* has been overturned by the Supreme Court.

*Borden* held, in a split decision, that a *mens rea* of recklessness was not enough to qualify a crime under ACCA's elements clause.[3] *See Borden*, 593 U.S. at 430–34 (plurality opinion); *id.* at 445–46 (Thomas, J., concurring in the judgment).  Later, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery did not require that "the defendant used, attempted to use, or even threatened to use force," in part because a threatened use of force requires a communicative act.  *Taylor*, 596 U.S. at 851–52, 854–57.

---

[3] More specifically, "[b]oth Justice Thomas [who concurred only in the judgment] and the members of the plurality agreed that the elements clause [of the ACCA] requires more than general intent in the sense of a mere volitional act." *Somers v. United States*, 15 F.4th 1049, 1053 n.1 (11th Cir. 2021); *see also Borden*, 593 U.S. at 437 n.6 (plurality opinion) ("Four Justices think that the 'use' phrase, as modified by the 'against' phrase, in ACCA's elements clause excludes reckless conduct.  One Justice thinks, consistent with his previously stated view, that the 'use' phrase alone accomplishes that result. . . . And that makes five to answer the question presented.  Q: Does the elements clause exclude reckless conduct?  A: Yes, it does.").

While *Borden* and *Taylor* might sit in tension with *Stokeling*, the Supreme Court did not state that those cases overturned *Stokeling*.[4]  *See generally Borden*, 593 U.S. at 430-34 (plurality opinion); *id.* at 445-46 (Thomas, J., concurring in the judgment); *Taylor*, 596 U.S. at 851-52.  That silence strongly suggests that the Supreme Court did not see itself as overruling *Stokeling* either.  *See Shalala*, 529 U.S. at 18.  No other Supreme Court caselaw changes that conclusion, either.  Thus, *Stokeling* has not been overturned by the Supreme Court and we are not at liberty to overturn it ourselves.  *Motorcity*, 120 F.3d at 1143.

Second, turning to state law, Castro-Mercedes does not argue that Florida law has changed nor that intervening authority from Florida courts shows that *Stokeling* is incorrect as a matter of Florida law.  *See World Harvest Church*, 586 F.3d at 957.  Moreover, the cases Castro-Mercedes cites all predate *Stokeling*.  Even if these

---

[4] Castro-Mercedes cites unpublished decisions of this Court that address a distinct question of whether *attempted* robbery under Florida law is a crime of violence.  He is correct that panels of this Court have, in unpublished decisions, concluded that Florida attempted robbery crimes are not crimes of violence in light of *Taylor* and our *en banc* decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*).  *See, e.g.*, *United States v. Days*, 2023 WL 6231058 (11th Cir. 2023) (unpublished); *United States v. Metzler*, 2023 WL 5746643 (11th Cir. 2023) (unpublished); *United States v. Sheely*, 2024 WL 4003394 (11th Cir. 2024) (unpublished).  *But see United States v. Lightsey*, 120 F.4th 851, 859-61 (11th Cir. 2024) (concluding that attempted Florida armed robbery *is* still a crime of violence under the ACCA).  However, *Stokeling* did not address attempted robbery under Florida law and, therefore, is still binding on us here.  Moreover, these cases do not benefit Castro-Mercedes because he completed the robbery under Florida law.

23-12731                Opinion of the Court                11

pre-*Stokeling* cases showed that *Stokeling* was wrong as a matter of Florida law when it was decided, without a ruling to that effect from a Florida Court since it was decided, we are bound to apply *Stokeling*. *Lee*, 886 F.3d at 1163 n.3.

In sum, Castro-Mercedes' conviction qualifies as an aggravated felony, and we **DENY** his petition.